**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jasmine Liz Marie Robinson, Appellant.

Appellate Case No. 2023-000830

———————————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-324
Submitted June 18, 2026 – Filed July 1, 2026

———————————

**AFFIRMED**

———————————

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Richard Brandon Larrabee, all of Columbia; and Solicitor Cynthia S. Crick, of Greenville, for Respondent.

———————————

**PER CURIAM:** Jasmine Liz Marie Robinson appeals her convictions for murder, attempted murder, and possession of a weapon during the commission of a violent crime. She also appeals her concurrent sentences of forty-five years' imprisonment for murder, twenty years for attempted murder, and five years for the weapon offense. On appeal, Robinson argues the trial court erred by allowing an expert forensic pathologist, Dr. Grace Dukes, to testify about autopsy findings regarding the murder victim's (Victim's) cause of death when Dr. Dukes did not perform Victim's autopsy but merely peer-reviewed the findings of the pathologist who performed the autopsy, thus violating Robinson's right to confrontation. We affirm pursuant to Rule 220(b), SCACR.

We hold that any error in the admission of Dr. Dukes's expert testimony was harmless. *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) (stating the trial court's ruling on the admissibility of evidence "will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice"); *State v. McCray*, 413 S.C. 76, 91, 773 S.E.2d 914, 922 (Ct. App. 2015) ("'A violation of [a] defendant's Sixth Amendment right to confront [a] witness is not *per se* reversible error if the error was harmless beyond a reasonable doubt.'" (alteration in original) (quoting *State v. Pradubsri*, 403 S.C. 270, 280, 743 S.E.2d 98, 104 (Ct. App. 2013))). Regardless of whether Dr. Dukes's testimony was admitted in violation of Robinson's right to confrontation, we hold any error in the admission was harmless as it was not accompanied by probable prejudice because (1) the State presented additional evidence—including photographs and eyewitness testimony describing the circumstances of Victim's death—that corroborated the testimony; (2) the State's overall case was supported by physical and digital evidence, consistent witness testimony, and some of Robinson's own statements and testimony; and (3) Robinson was otherwise permitted the opportunity for thorough cross-examination. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."); *McCray*, 413 S.C. at 90, 773 S.E.2d at 921 ("[T]he admission of testimonial hearsay against an accused violates the Confrontation Clause if (1) the declarant is unavailable to testify at trial and (2) the accused has had no prior opportunity to cross-examine the declarant."); *id.* at 91, 773 S.E.2d at 922 (stating that whether the admission of testimony in violation of the Confrontation Clause was harmless depends upon factors including "the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony . . . on material points, the extent of cross examination otherwise permitted, and . . . the overall strength of the prosecution's case"

(alteration in original) (quoting *State v. Gracely*, 399 S.C. 363, 375, 731 S.E.2d 880, 886 (2012))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.